UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID DIXON,

    Plaintiff,

v.　　　　　　　　　　　　　　　Civil Action No. 2:18-cv-00553

R.K. PERDUE, II, S.K. NEAL,
and FAYETTE COUNTY COMMISSION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff David Dixon's motion for leave to amend his amended complaint, filed September 4, 2018.

### I. Background

On April 14, 2016, police officers who were deputies employed by the Fayette County Sheriff's Office entered plaintiff's home to conduct a search for marijuana. First Am. Compl. ¶¶ 9-10. The officers encountered the plaintiff and allegedly used excessive force in restraining him, causing lasting harm to his shoulder. Id. ¶¶ 14, 16, 19-20.

The plaintiff was indicted with three felony counts related to his possession of marijuana recovered during the search. Id. at 18. These charges were eventually reduced to a

single misdemeanor, unidentified in the record, to which the plaintiff pled guilty. Id. at 20.

The plaintiff filed his original complaint on April 11, 2018, asserting 42 U.S.C. § 1983 claims under the Fourth Amendment for excessive force against defendants Perdue, Neal and Young and negligent training and supervision claims against the Fayette County Commission ("Commission"). ECF No. 1. On April 16, 2018, the plaintiff filed his first amended complaint which asserts the same claims against the same defendants. ECF No. 3. The defendants received notice of the lawsuit by waivers of service which were mailed on April 16, 2018 and were executed by defendants' counsel on May 18, 2018. See ECF No. 4.

On August 15, 2018, the court dismissed the claims against C.A. Young pursuant to an agreed order filed by the parties. ECF No. 11.

On September 4, 2018, plaintiff has now moved to amend his amended complaint to include S. Morris, W.R. Collison and J. Fitzwater ("proposed defendants") as defendants in this action. Plaintiff states that he learned through communications with defense counsel during their Rule 26(f) conference on September 4, 2018 that these police officers, also Fayette County deputy sheriffs, were involved in the underlying matter. Pl.'s Reply

1. The defendant Commission filed a response in opposition to plaintiff's motion, to which the plaintiff has filed a reply.

## II. Governing Standard

Federal Rule of Civil Procedure 15(a)(2), invoked by plaintiff, provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In applying Rule 15(a), "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

## III. Discussion

The Commission asserts, without objection, that it has standing to oppose the proposed amendment to the first amended complaint. Commission's Resp. Pl.'s Mot. ("Commission's Resp.") 3. The Commission has a particular interest in opposing this amendment because it is statutorily required to indemnify and defend the proposed defendants that the plaintiff seeks to add to the complaint. Id. at 3. West Virginia Code § 29-12A-11(a) provides that political subdivisions are required to indemnify and defend their employees in civil actions or proceedings to recover damages for harms caused by employees acting in good faith and "not manifestly outside the scope of his employment or official responsibilities." See also W. Va. Code § 29-12A-11(b). The plaintiff alleges that the proposed defendants were acting within their scope of employment and pursuant to the training and supervision provided by the Commission. See Proposed Second Am. Compl. ("Proposed Compl."), ECF No. 12-1, ¶ 34. The Commission meets the statutory definition of a political subdivision. W. Va. Code § 29-12A-3(c).

Having established standing, the Commission contends that plaintiff's motion should be denied for futility because the statute of limitations had expired as to the proposed defendants. Commission's Resp. 4.

The only purported claims against the proposed defendants are those arising under 42 U.S.C. § 1983. Proposed Compl. ¶¶ 24-31. Section 1983 claims are subject to the limitations period applied by the forum state to personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985); see also Owens v. Okure, 488 U.S. 235 (1989) (holding that "where a state has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions . . . the residual or general personal injury statute . . . applies" to Section 1983 claims). In West Virginia, Section 1983 claims are subject to the two-year period set forth in W. Va. Code § 55-2-12. See e.g., Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988); Bell ex rel. Bell v. Bd. of Educ. of County of Fayette, 290 F. Supp. 2d 701 (S.D.W. Va. 2003).

Here, the plaintiff was injured on April 14, 2016, and the statute of limitations expired two years later, on April 14, 2018. The plaintiff sought to add new defendants to the action on September 4, 2018. The statute of limitations would bar recovery against them in this action unless the proposed amendment relates back to the filing date of the original complaint.

Federal Rule of Civil Procedure 15(c)(1)(C) provides that in order for an amended pleading to relate back, the following conditions must be met:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Courts have further clarified the notice requirement in Federal Rule of Civil Procedure 15(c)(1)(C):

> Under Rule 15(c) an amendment substituting a new defendant on a claim included or sought to be included in the original complaint relates back if, within the period allotted in Federal Rule of Civil Procedure 4(m) for service of process, the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits" and also "knew or should have known that the action would have been brought against it." Fed. R. Civ. P. 15(c)(1)(C); see Joseph v. Elan Motorsports Tech. Racing Corp., 638 F.3d 555, 558–60 (7th Cir. 2011). . . . The drafter's comments to the 1991 amendment make explicit that Rule 15(c) incorporates not only Rule 4(m)'s standard allowance of 120 days for service of process, but also any extension of time for good cause. See Fed. R. Civ. P. 15(c) Advisory Comm. Notes (1991 Amendment).

Keller v. United States, 444 F. App'x 909, 911 (7th Cir. 2011); see also, e.g., Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("The 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should

have had knowledge of the action is the Federal Rule of Civil Procedure 4(m) service period. . . . Rule 4(m) requires service of the summons and complaint within 120 days of the complaint's filing . . . ."); Skoczylas v. Fed. Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992) ("[R]elation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown.").

Here, the plaintiff filed the original complaint on April 11, 2018. This complaint was never served. Plaintiff filed his first amended complaint on April 16, 2018, and waiver of service was mailed on the same date. ECF No. 4. Both the Commission and the individually named defendants acknowledge, through counsel, that they received the amended complaint on April 16, 2018, well within the time allotted by Federal Rule of Civil Procedure 4(m) for service of process of the original complaint, which would have expired August 9, 2018. See Commission's Resp., Exs. 1, 2, 3, 4.

The key inquiries are whether the service of the first amended complaint upon the defendants led to the proposed defendants being notified, within the Rule 4(m) period, that they would have been included in the suit but for a mistake and whether they will be prejudiced in defending on the merits. See Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

First, inasmuch as this action was only filed five months before the September 4th request to file the second amended complaint, it does not appear that the proposed defendants would be prejudiced in defending this action on the merits should the amendment be allowed.

Next, it is uncertain whether the proposed defendants had notice, before the expiration of the 4(m) period on August 9, 2018, that they would have been included in the lawsuit but for a mistake. The fact that all the proposed and individually named defendants are officers in the Fayette County Sheriff's Department and are all alleged to work at the same address, Proposed Compl. ¶¶ 2-6, influences the court's decision here. Further, the plaintiff contends, based on communications with opposing counsel during their Rule 26(f) conference, that the proposed defendants and individually named defendants were all involved in the same incident in which excessive force was used against the plaintiff. Pl.'s Mot. Leave Amend Compl. 1; Pl.'s Reply 1. For these reasons, the court is unable to conclude at this early stage that the proposed defendants did not have notice of the lawsuit before August 9, 2018. Consequently, the court cannot at this time find that plaintiff's proposed amendment would be futile based on the running of the statute of limitations for the underlying § 1983 claim. Whether futility

exists may be determinable after the amendment is allowed, if the proposed defendants then choose to file a motion to dismiss or motion for summary judgment on statute of limitations grounds.[1]

IV. Conclusion

Accordingly, it is ORDERED that plaintiff's motion for leave to file a second amended complaint be, and it hereby is, granted. The Clerk is directed to file as of this date the complaint attached to the plaintiff's motion as the second amended complaint in this action.

The Clerk is directed to transmit all copies of this written opinion and order to all counsel of record and any unrepresented parties.

Enter: November 13, 2018

John T. Copenhaver, Jr.
Senior United States District Judge

---

[1] Should there be no evidence to indicate that the proposed defendants were given actual notice of the lawsuit, the plaintiff will then have the opportunity to more thoroughly argue that notice should be imputed to them through the "identity of interest" theory raised in plaintiff's reply. Pl.'s Reply 5-6 (citing Goodman v. Praxair, Inc., 494 F.3d 458 473-74 (4th Cir. 2007)).